**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

CIVIL ACTION NO. 06-101 (WOB)

DICKERSON CONSTRUCTION, ET AL                    PLAINTIFFS

VS.                    <u>MEMORANDUM OPINION AND ORDER</u>

NATIONAL HOME INSURANCE CO.                      DEFENDANT


        This matter is before the court on plaintiffs' motion to set aside the summary judgment entered against them on defendant's counterclaim.  (Doc. #56)  Defendant has opposed this motion (Doc. #58), and plaintiffs have filed a reply (Doc. #59).

        Having carefully reviewed this matter, the court enters this Memorandum Opinion and Order.

### *Factual and Procedural Background*

        This case was removed to this court on May 17, 2006.  (Doc. #1)  In their complaint, plaintiffs, Dickerson Construction Co. and J. Matthew Dickerson (collectively "Dickerson"), alleged various causes of action against defendant, National Home Insurance Co. ("NHIC"), in relation to NHIC's settlement of claims brought by owners of a home which Dickerson constructed and which was covered by a home warranty obtained by Dickerson through NHIC.  NHIC counterclaimed against Dickerson for breach of contract, seeking indemnity for the amounts it paid in settlement to the homeowners, as well as attorneys' fees and

other costs.  Discovery ensued.

On January 23, 2007, Dickerson's attorney moved to withdraw on the grounds that "irreconcilable differences" had arisen between him and his client.  (Doc. #29)  The court gave Dickerson time to find new counsel or advise the court whether he intended to proceed *pro se*, and it ordered the parties to file status reports.  (Doc. #31)  In its status report, NHIC stated its intent to prosecute its counterclaim regardless of how plaintiffs proceeded.  (Doc. #33)  In turn, plaintiffs' counsel requested additional time for plaintiffs to determine how to proceed, stating that he had had difficulty contacting his client.  (Doc. #35)

On April 5, 2007, the court entered an order granting counsel's motion to withdraw and again directing plaintiffs to file a status report advising the court whether they had obtained new counsel or intended to proceed *pro se*.  (Doc. #36)  The court admonished: "To avoid further prejudice to defendant from delaying this litigation, NO FURTHER EXTENSION OF THE DEADLINE for filing a status report or obtaining new counsel will be granted."  (*Id.*)

Plaintiffs did not file a status report by the deadline.  On May 21, 2007, therefore, the court ordered that plaintiffs show cause within 15 days as to why their claims should not be dismissed for lack of prosecution.  (Doc. #38) Plaintiffs filed

2

nothing in response to this order.

On June 12, 2007, the magistrate judge entered a Report and Recommendation recommending that plaintiffs' claims be dismissed. (Doc. #42)  No objections were filed thereto, and the court thereafter adopted the magistrate judge's recommendation and dismissed plaintiffs' claims for failure to prosecute.  (Doc. #43)  The court also set the case for docket call on July 17, 2007, to discuss "future proceedings regarding defendant's counterclaim."  (*Id.*)  At plaintiffs' request, the docket call was continued to August 14, 2007.  (Doc. #44)

Plaintiffs did not appear at the docket call.  The court then set deadlines for the filing of motions for summary judgment.  (Doc. # 46)  NHIC filed its motion for summary judgment on September 10, 2007.  (Doc. #48)  Plaintiffs filed no response to that motion within the time set by the Local Rules. The court thus entered an order stating: "**IT IS ORDERED** that plaintiff file a response to such motion on or before October 5, 2007, failing which the court may grant such motion." (Doc. #49)

Plaintiffs again filed no response to defendant's motion by this deadline.  On October 18, 2007, therefore, the court entered an order setting the matter for a further docket call on November 6, 2007, ordering plaintiff Matthew Dickerson to appear personally at the hearing.  (Doc. #50)  The court also ordered the clerk's office to send a copy of the order to Dickerson

3

personally at his last known address.

Dickerson did not appear at the November 6, 2007, docket call or otherwise respond to NHIC's motion.  The court thus granted the motion for summary judgment (Doc. #53) and entered judgment against plaintiffs in the amount of $109,607.61, plus interest. (Doc. #54)

On December 4, 2007, new counsel for plaintiffs entered an appearance and filed the present motion to set aside the summary judgment.  (Doc. #55, #56).

### *Analysis*

Federal Rule of Civil Procedure 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . .  .

Fed. R. Civ. P. 60(b).

A motion under this section is

> intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

*Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (citation omitted).

The Sixth Circuit has held, both where a party is represented by counsel and where he or she is *pro se*, that the

party's failure to respond to a motion for summary judgment generally does not constitute "excusable neglect" for purposes of Rule 60(b)(1).  *See Stephens v. Crabtree*, 72 Fed. Appx. 351, 353 (6th Cir. 2003); *Kendall v. Hoover*, 751 F.2d 171, 175 (6th Cir. 1984).

Here, the court is not persuaded that Dickerson's failure to respond to defendant's motion for summary judgment arose from excusable neglect.  In his affidavit, Matthew Dickerson does not contest that he received the numerous orders of the court referenced above.  Regardless of one's understanding of legal terminology, those orders would, at a minimum, have alerted a reasonable person of the need to contact the court to inform it of continued difficulties retaining counsel and/or the need for additional time to respond to the court's directives.

In particular, the court's October 17, 2007, order setting this matter for another docket call required Mr. Dickerson to appear personally, and the order was served on him at his last known address.  The record does not reflect that service of this order on Mr. Dickerson was not accomplished, nor does he aver that the address utilized by the clerk's office was incorrect. One may reasonably infer, therefore, that Dickerson received the order but chose not to appear.  A party cannot employ Rule 60(b) "as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise."  *Broach v.*

5

*City of Cincinnati*, 244 Fed. Appx. 729, 734 (6th Cir. 2007)
(internal quotations and citation omitted).

Moreover, Mr. Dickerson avers that he retained new counsel
in "late October or early November" 2007.  (Dickerson Affidavit ¶
13) However, the judgment in this matter was not entered until
November 15, 2007, such that any review of the docket from late
October onward would clearly have revealed the state of the
proceedings.  Nonetheless, plaintiffs' new counsel did not enter
an appearance and file the present motion until December 4, 2007,
approximately one month after being retained.

For these reasons, the court finds that plaintiffs have not
stated a basis under Rule 60(b) for relief from the judgment
entered against them.

Finally, the court concludes that relief from judgment is
also unwarranted because plaintiffs do not have a "meritorious
defense."  *See Burnley v. Bosch Americas Corp.*, 75 Fed. Appx.
329, 332-33 (6th Cir. 2003) (discussing grounds for relief under
Rule 60(b)(1)).

As it did previously, the court has reviewed the record on
the merits, and it reflects that NHIC properly stepped into
plaintiffs' shoes to address the problems with the home built by
Dickerson, as called for by the home warranty at issue.  *See* Doc.
#1, Exh. A ("Home Buyers Warranty, Builder Proposal and
Agreement").

6

Dickerson does not dispute that the homeowners notified him of the problems with their home, that he made initial efforts to address these problems, or that he represented to Home Buyers Warranty that he intended to make further necessary repairs.[1] Ultimately, however, Dickerson did not complete satisfactory repairs, and NHIC stepped in and paid the homeowners $43,500.00 to resolve their claim.  When Dickerson failed to reimburse NHIC and filed the present action instead, NHIC counterclaimed, asserting the rights afforded it under the "Home Buyers Warranty, Builder Proposal and Agreement":

> NHIC insures Builder's obligations under the One and Two Year warranties, and NHIC will arrange for a repair contractor to perform Builder's obligations or pay the cost of repair for any item(s) covered by the Builder's warranty as defined in the HBW Booklet should Builder for any reason fail to do so.  In that event, the Builder waives all his rights in law and equity and NHIC will be subrogated to whatever rights Homebuyer may have against Builder.  *Builder agrees to reimburse NHIC for all of its costs of so performing, and whatever additional costs it may incur in doing so, including but not limited to, costs of material and labor, cost of inspecting the Home, fees for engineers, attorneys fees, costs for servicing the claim, arbitration fees paid by HBW or NHIC, and any and all costs incurred in collecting such expenses from Builder.*

Doc. #1, Exh. A ("Home Buyers Warranty, Builder Proposal and Agreement", ¶ 2) (emphasis added).

The judgment entered against plaintiffs reflects the contractual reimbursement to which NHIC was entitled under this

---

[1]The facts of the underlying dispute between Dickerson and the homeowners are found in *National Home Ins. Co. v. King*, 291 F. Supp.2d 518 (E.D. Ky. 2003).

agreement.  That is, the judgment of $109,607.61 represents the amount paid by NHIC in settlement of the homeowners' claims ($43,500.00), plus the attorneys' fees and related costs NHIC has incurred in responding to plaintiffs' lawsuit and in prosecuting its counterclaim.  (*See* Doc. #48, Cleek Affidavit ¶29)  The court is not persuaded by plaintiffs' arguments that NHIC improperly paid the homeowners' claim or that it is otherwise not entitled to such reimbursement.

Therefore, having reviewed this matter, and the court being otherwise sufficiently advised,

**IT IS ORDERED** that plaintiffs' motion to set aside the judgment (Doc. #56) be, and is hereby, **DENIED.**

This 14th day of February, 2008.



**Signed By:**

**_William O. Bertelsman_** _WOB_

**United States District Judge**

8